2015 ND 113

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Terri L. FAHRENHOLTZ, a Person Admitted to the Bar of the State of North Dakota

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**Terri L. Fahrenholtz, Respondent.**

Nos. 20150080, 20150081, 20150082.

Supreme Court of North Dakota.

May 7, 2015.

DISBARMENT ORDERED

PER CURIAM.

[¶ 1] The Court has before it the Findings of Fact, Conclusions of Law and Recommendation by a hearing panel of the Disciplinary Board, recommending Terri L. Fahrenholtz be disbarred from the practice of law in North Dakota. The Hearing Panel concluded Fahrenholtz violated N.D.R. Prof. Conduct 1.1, 1.3, 1.4, 1.15(a), 1.16(e) and 3.2 in three consolidated matters. We disbar Fahrenholtz.

[¶ 2] Fahrenholtz was admitted to practice law in North Dakota on May 2,

2006. In January 2013, Fahrenholtz's license was .suspended for noncompliance with the rules on continuing legal education. Fahrenholtz is not currently licensed.

[¶ 3] This matter involves three formal disciplinary proceedings against Fahrenholtz, File Nos. 5526–SE–1305, 5577–SE–1308, and 5587–SE–1309. On December 3, 2014, Fahrenholtz was served an amended summons and amended petition for discipline. Fahrenholtz failed to answer the petition, otherwise respond, or request to be heard in mitigation. Therefore, under N.D.R. Lawyer Discipl. 3.1(E)(2), Fahrenholtz is in default and the charges in the petition for discipline are deemed admitted.

[¶ 4] A professional trustee was appointed to review Fahrenholtz's files, to inventory the status of her cases, and to take actions to communicate with her clients regarding their files. The hearing panel made the following findings of fact based on the trustee's review:

1. Fahrenholtz represented a client in a personal injury matter, and the client was unable to contact Fahrenholtz to determine if she served a summons and complaint or to obtain a copy of those documents.

2. Fahrenholtz represented a client in a Social Security disability matter, who was unable to reach Fahrenholtz to determine the result of her hearing before an administrative law judge.

3. Fahrenholtz was supposed to file an appeal for two clients in Social Security disability matters, and the clients were unable to reach Fahrenholtz to determine the status of the appeals.

4. Fahrenholtz represented a client in a bankruptcy matter, but there was nothing in the file showing that a bankruptcy had been commenced. The client paid a retainer for the bankruptcy that was not deposited into an IOLTA account, and Fahrenholtz did not refund the retainer to the client.

5. Fahrenholtz represented a client in a medical malpractice matter. The trustee was unable to find any indication the action had been commenced. The statute of limitations had passed, so the client's action could no longer be commenced.

6. Fahrenholtz represented a client in a medical malpractice matter. The client had difficulty reaching Fahrenholtz regarding her case, and Fahrenholtz eventually told her the case was dead.

7. Fahrenholtz represented a client in a Social Security disability matter. The client was required to start a new application for benefits, which affected the disability benefits he was entitled to claim.

8. Fahrenholtz represented a client in a Social Security disability matter and failed to appear for a hearing. She also failed to provide updated medical records as evidence before a hearing.

9. Fahrenholtz represented a client in a Social Security disability matter and was supposed to commence a federal action. She did not commence the action, and the client was unable to reach Fahrenholtz to determine the status of his matter.

[¶ 5] The trustee found no evidence in Fahrenholtz's files that she notified her clients she was leaving the practice of law. There were no substitutions of counsel or letters sending client files anywhere. Fahrenholtz abandoned her practice, and in doing so, she caused serious or potentially serious injury to her clients.

[¶ 6] The hearing panel concluded the allegations in the amended petition for dis-

cipline were deemed admitted because Fahrenholtz failed to respond to the allegations. It further concluded Fahrenholtz's conduct violated N.D.R. Prof. Conduct 1.1, Competence, in that she failed to be as thorough and prepared as was reasonably necessary for representation; N.D.R. Prof. Conduct 1.3, Diligence, in that she failed to act with reasonable diligence and promptness in representing her clients; N.D.R. Prof. Conduct 1.4, Communication, in that she failed to make reasonable efforts to keep clients reasonably informed about the status of their cases and failed to promptly comply with requests for information; N.D.R. Prof. Conduct 1.15(a), Safekeeping Property, in that she failed to hold a client's property that is in a lawyer's possession in connection with representation separate from the lawyer's own property; N.D.R. Prof. Conduct 1.16(e), Declining or Terminating Representation, in that she failed to reasonably protect a client's interests upon termination of her representation and failed to refund any advanced fee that had not been earned or incurred; and N.D.R. Prof. Conduct 3.2, Expediting Litigation, in that she failed to expedite litigation consistent with the interest of the client.

[¶ 7] The hearing panel considered the North Dakota Standards for Imposing Lawyer Sanctions when recommending a sanction. The hearing panel recommended Fahrenholtz be disbarred from the practice of law because she caused her clients serious injury when she abandoned the practice of law.

[¶ 8] The findings of fact, conclusions of law and recommendation by the hearing panel were served on March 12, 2015, and forwarded to this Court. Objections to the Consolidated Stipulation were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration. The Court considered the matter, and,

[¶ 9] **ORDERED,** that the findings of fact, conclusions of law, and recommendation by the hearing panel are accepted.

[¶ 10] **IT IS FURTHER ORDERED,** that Terri L. Fahrenholtz is **DISBARRED** from the practice of law in North Dakota effective immediately.

[¶ 11] **IT IS FURTHER ORDERED,** that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5.

[¶ 12] **IT IS FURTHER ORDERED,** that Fahrenholtz must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 13] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.